_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-01903-FWS-KES  Date: February 12, 2024
Title: Charles Abernathy v. Liberty Insurance Corporation *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                Attorneys Present for Defendant:

Not Present                                          Not Present

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM WITHOUT PREJUDICE [75]**

Before the court is Defendant Liberty Insurance Corporation's ("Defendant") Motion to Dismiss Counterclaim Without Prejudice ("Motion" or "Mot."). (Dkt. 75.) As of the date of this Order, Plaintiff Charles Abernathy ("Plaintiff") has not filed any opposition to the Motion. (*See* Dkt. 76.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the record, as applied to the applicable law, the court **GRANTS** the Motion.

I. Background

On May 13, 2022, Plaintiff initiated this action, asserting three claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and elder abuse. (Dkt. 1-2.) On March 27, 2023, the court granted Defendant's motion to dismiss, (Dkt. 18), and dismissed Plaintiff's elder abuse claim with leave to amend, (Dkt. 28). Plaintiff filed a First Amended Complaint on April 20, 2023. (Dkt. 29.) On September 19, 2023, the court granted Defendant's second motion to dismiss, (Dkt. 31), and dismissed Plaintiff's elder abuse claim with prejudice, (Dkt. 45). On October 3, 2023, Defendant answered the First Amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-01903-FWS-KES  Date: February 12, 2024
Title: Charles Abernathy v. Liberty Insurance Corporation *et al.*

Complaint and asserted three counterclaims for fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation.  (Dkt. 50.)  On November 8, 2023, Plaintiff filed an answer to Defendant's counterclaims.  (Dkt. 56.)  On December 29, 2023, the court granted Defendant's motion for summary judgment on Plaintiff's remaining claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  (Dkt. 69.)  On January 17, 2024, Defendant filed the Motion, seeking to dismiss its remaining counterclaims.  (Dkt. 75.)

## II.   Legal Standard

Under Federal Rule of Civil Procedure 41, a plaintiff may voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A).  Federal Rule of Civil Procedure 41 also "applies to a dismissal of a counterclaim, crossclaim, or third-party claim."  Fed. R. Civ. P. 41(c).  A counterclaimant may voluntarily dismiss either: "(1) before a responsive pleading is served;" or "(2) if there is no responsive pleading, before evidence is introduced at a hearing or trial."  Fed. R. Civ. P. 41(c).  In all other cases, "an action may be dismissed . . . only by [a] court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  "Rule 41 generally gives district courts wide discretion to determine whether the dismissal is with prejudice or without prejudice," *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1168 (9th Cir. 2016), and to "attach conditions to the dismissal" if warranted, *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 146 (9th Cir. 1982).

Courts "should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (citations omitted).  "'[L]egal prejudice' is 'prejudice to some legal interest, some legal claim, [or] some legal argument.'" *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017) (citing *Westlands Water Dist. v. United States*, 100

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01903-FWS-KES | Date: February 12, 2024 |
| Title: Charles Abernathy v. Liberty Insurance Corporation *et al.* | |

___

F.3d 94, 97 (9th Cir. 1996)).  Generally, legal prejudice does not result from "uncertainty because a dispute remains unresolved"; "the threat of future litigation . . . causing uncertainty"; or "merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by [a] dismissal."  *Smith*, 263 F.3d at 976 (citations, alterations, and internal quotation marks omitted).

### III.   Discussion

In the Motion, Defendant requests that the court dismiss its counterclaims for fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation without prejudice. (Mot. at 2.)  Defendant argues that the court should not attach any conditions to the dismissal because dismissing the counterclaims will not result in any "legal prejudice" to Plaintiff.  (*Id.*)  As discussed above, Plaintiff did not oppose the Motion.  (*See generally* Dkt.)

Because Plaintiff answered the counterclaims, (Dkt. 56), Defendant may only dismiss "by court order, on terms that the court considers proper."  *See* Fed. R. Civ. P. 41(a)(2), (c).  Thus, the court "should grant [Defendant's] motion for voluntary dismissal under Rule 41(a)(2) unless [Plaintiff] can show that [he] will suffer some plain legal prejudice as a result."  *Smith*, 263 F.3d at 976 (citations omitted).  At this stage of the proceedings, the court notes there have been no rulings on the merits of Defendant's counterclaims, and all other claims in this matter have been resolved.  Based on the current state of the record, the court finds insufficient evidence demonstrating that Plaintiff will suffer legal prejudice if the court dismisses Defendant's counterclaims without prejudice, including any risk of inconsistent judgements, attempt to avoid adverse rulings, or dilatory filings.  *See BP W. Coast Prods. LLC v. SKR Inc.*, 989 F. Supp. 3d 1109, 1116 (W.D. Wash. 2013) ("In evaluating plain legal prejudice, a district court may consider whether[:] the party seeking voluntary dismissal has been dilatory in doing so"; "the party is requesting a voluntary dismissal to avoid a near-certain adverse ruling"; or "allowing for voluntary dismissal of these claims could result in inconsistent rulings").  Accordingly, the court concludes that dismissal of Defendant's counterclaims for fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation is appropriate and

___

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-01903-FWS-KES                                Date: February 12, 2024
Title: Charles Abernathy v. Liberty Insurance Corporation *et al.*

---

**DISMISSES** Defendant's counterclaims, (Dkt. 50), **WITHOUT PREJUDICE**. *See Smith*, 263 F.3d at 976 ("A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated in that rule.").

### IV. Disposition

For the reasons set forth above, the court **GRANTS** Defendant's Motion and **DISMISSES** Defendant's counterclaims, (Dkt. 50), **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Initials of Deputy Clerk: mku

---